## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* A.C., O.C., and D.C.

No. 12-0915 (Berkeley County 10-JA-56, 57 & 58)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Nancy A. Dalby, from the Circuit Court of Berkeley County which terminated his parental rights by order entered on July 5, 2012. The guardian ad litem for the children, Anne B. Prentice, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR initiated this case when it filed its first petition in August of 2010 and the amended petition in November of 2010. Both petitions contained allegations of sexual abuse against child O.C., physical abuse against O.C. and A.C., and domestic violence between the parents in the children's presence. After about one year into the proceedings, the parents admitted to their failure to protect the children by engaging in domestic violence in the children's presence. Also around this time, the DHHR notified the parties that it would no longer pursue the sexual abuse allegations. Dispositional hearings began in September of 2011 and, in July of 2012, the circuit court entered its order terminating both parents' parental rights without an improvement period. Petitioner Father appeals this order.

Petitioner Father first argues that the circuit court erred in failing to grant him an improvement period because he showed by clear and convincing evidence that he would likely participate in one. Petitioner Father asserts that he admitted to domestic violence and that he participated in domestic violence classes. In response, the children's guardian ad litem and the DHHR both argue that it took a year after the case was opened for Petitioner Father to even acknowledge issues of domestic violence. They further argue that notwithstanding this acknowledgement, at the dispositional hearing in January of 2012, Petitioner Father was not fully admitting to domestic violence in the home. The dispositional hearing transcript provides that Petitioner Father denied specific instances of physical abuse and domestic violence that had been outlined in the petition.

Next, Petitioner Father argues that the circuit court erred in terminating his parental rights because it failed to make a finding of his parental unfitness by clear and convincing evidence. Petitioner Father argues that the circuit court merely relied on the passage of time between the

1

filing of the petition and the time Petitioner Father admitted to domestic violence. In response, the children's guardian ad litem and the DHHR both argue that, at adjudication, Petitioner Father clearly stipulated to engaging in domestic violence within the home and in the presence of the children. They assert that Petitioner Father cannot now claim that any admission in this regard was insufficient to establish his parental unfitness.

Third, Petitioner Father argues that the circuit court violated his due process rights when the DHHR alleged sexual abuse yet refused to provide Petitioner Father with services for such. Petitioner Father also argues that his due process rights were violated when, after another year in the proceedings, the DHHR determined that it would no longer pursue the sexual abuse allegations yet continued to deny visitation to Petitioner Father. Fourth, alongside this argument concerning his due process rights, Petitioner Father argues that the DHHR acted in bad faith and in violation of the West Virginia Rules of Child Abuse and Neglect Proceedings when it failed to timely inform Petitioner Father that it was no longer pursuing the sexual abuse allegations. Fifth, Petitioner Father argues that under these circumstances, the circuit court erred in terminating his parental rights because no other aggravated circumstances were alleged. In response to these arguments, the children's guardian ad litem and the DHHR contend that there were no errors concerning these issues. Both highlight that although the DHHR could have differently handled the investigation concerning the sexual abuse allegations, it does not negate the fact that Petitioner Father chose not to admit to any domestic violence allegations in the petition until the DHHR decided to no longer pursue the allegations concerning sexual abuse. They also raise that the rules do not provide Petitioner Father with an entitlement to visitation.

Petitioner Father next argues that the circuit court denied him due process by delaying adjudication for twelve months. Petitioner Father asserts that he waived his right to have an adjudicatory hearing within thirty days of the preliminary hearing, but did not waive his right to a hearing altogether. He further asserts that, during this time, he was denied contact and visitation with his children. The guardian ad litem and the DHHR argue that the circuit court committed no errors in this regard. They both assert that although there were delays in this case, Petitioner Father did not object to any continuance and did not earlier raise any timing issues concerning adjudication. The guardian and the DHHR assert that none of the delays in this case prejudiced Petitioner Father, reasserting that he did not admit to any allegations of domestic abuse for the entire first year of this case.

Lastly, Petitioner Father argues that the circuit court erred in finding that the DHHR was required to seek termination based on West Virginia Code § 49-6-5b(a)(1) because dispositional hearings began in September of 2011 after the petition was filed in August of 2010. In response, the children's guardian ad litem and the DHHR contend that termination sought under this statute was not in error. Even two years after the case was initiated, the parents had not yet fully admitted to their issues and any further extension of time to establish permanency cannot be afforded to the children.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts

2

without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). We are also mindful that under West Virginia Code § 49-6-12, the subject parent bears the burden of proving by clear and convincing evidence that he or she would substantially comply with an improvement period. Under the same statute, the circuit court has the discretion to grant or deny a motion for an improvement period. Pursuant to Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, determining visitation is within the circuit court's authority. In cases of abuse and neglect, we reiterate that the children's welfare acts as "the polar star by which the discretion of the court will be guided." *In Re: Clifford K.*, 217 W.Va. 625, 634, 619 S.E.2d 138, 147 (2005) (quoting Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)).

Upon our review, the Court finds no error in the circuit court's denial of an improvement period, its termination of Petitioner Father's parental rights, or in its navigation of the proceedings below. We find that the delays in this case did not substantially frustrate the overall proceedings to warrant reversing termination. *See In re Edward B.*, 210 W.Va. 621, 634, 558 S.E.2d 620, 633 (2001). The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that Petitioner Father would not substantially comply with an improvement period and to, accordingly, deny his motion for an improvement period. The Court also finds that the circuit court was presented with sufficient evidence upon which it based its findings that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. West Virginia Code § 49-6-5b(a)(1) does not nullify a circuit court's duty to terminate parental rights under West Virginia Code § 49-6-5(a)(6) and, accordingly, we find no abuse of discretion or error by the circuit court concerning Petitioner Father's argument in that regard.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

3

**ISSUED:**  March 12, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum